**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT DELAWARE**

RICK LIEDER d/b/a DREAMPOOL STUDIO,

        Plaintiff,

        v.

NATURAL FORCES, LLC,

        Defendant.

**Case No.:**

## COMPLAINT AND JURY DEMAND

Plaintiff Rick Lieder d/b/a Dreampool Studio ("Plaintiff" or "Mr. Lieder"), by his

undersigned attorneys, Duane Morris LLP, for his Complaint, alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C.

§§ 106(1), 501, and 1202.  Plaintiff seeks compensatory and statutory damages in an amount to

be established at trial.

### PARTIES

2.      Plaintiff Rick Lieder is an individual doing business under the name Dreampool

Studio at 3653 Phillips Avenue, Berkley, Michigan 48072.

3.      Upon information and belief, defendant Natural Forces, LLC ("Defendant") is a

limited liability company duly organized and existing under the laws of Delaware, with a

principal place of business at 18535 Oldstatesville Road, Suite H, Cornelius, NC 28031-9390.

### JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States, and therefore this Court has

jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper.  Defendant is a Delaware limited liability company.  Furthermore, Defendant has caused Plaintiff harm in this state and judicial district, including without limitation Defendant's copyright infringement.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because Defendant resides in this district.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      **Plaintiff's Business**

1.      Plaintiff is a professional photographer in Michigan, who, through his business, creates and licenses photographic images for various uses.

2.      As a result of his talents, Mr. Lieder became a highly acclaimed wildlife photographer, the author of two picture books, and a wildlife filmmaker.  Plaintiff's notable style and artistry make his photographs very popular and valuable.

3.      Plaintiff created and holds exclusive copyright ownership of an iconic photograph of two sparrows with their wings spread in midflight (the "Copyrighted Work").  A true and accurate copy of the Copyrighted Work is attached hereto as Exhibit A.

4.      The Copyrighted Work is an original work of authorship created by and belonging to Mr. Lieder.

5.      On November 15, 2006, Plaintiff obtained a registration with the United States Copyright Office for a collection of photographic images titled, "Rick Lieder Art Volume 12," which included the Copyrighted Work. Attached hereto as Exhibit B is a copy of the certificate for Registration Number VAu 727-266 obtained from the United States Copyright Office.

**B.**     **Defendant's Unlawful Activities**

6.     Plaintiff recently discovered that Defendant has been infringing upon Plaintiff's

exclusive copyright in the Copyrighted Work.

7.     For example, Defendant has been reproducing, distributing, and publicly

displaying the Copyrighted Work, without Plaintiff's authorization or permission, in furtherance

of efforts to market and sell products, at the following website addresses owned and operated by

the Defendant:

- http://www.rejexit.com/images/id1.jpg; and
- http://www.rejexit.com/invisidye-bird-and-goose-repellent.php

8.     Screenshots demonstrating Defendant's unauthorized use (the "Infringing

Works") are attached hereto as Exhibit C.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq*.)

9.     Plaintiff realleges the preceding paragraphs and incorporates them by reference as

if fully set forth herein.

10.     The Copyrighted Work is an original work of authorship, embodying

copyrightable subject matter, subject to the full protection of the United States copyright laws.

11.     Plaintiff is sole and exclusive owner of the copyrights, including the right to sue

for infringement of the copyright in the Copyrighted Work.

12.     Upon information and belief, as a result of Plaintiff's reproduction, distribution

and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work

prior to the creation of Defendant's Infringing Works.

13.     By reproducing, distributing and publicly displaying the Infringing Works, as described above, Defendant violated and infringed upon Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

14.     Upon information and belief, Defendant's infringement of Plaintiff's copyright in the Copyrighted Work is willful and deliberate, and Defendant has profited at the expense of Plaintiff.

15.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages from Defendant's illegal and improper uses of the Copyright Work, in an amount to be proven at trial.  In addition, Plaintiff is entitled to recover damages based on the disgorgement of Defendant's profits resulting from its infringement of the Copyrighted Work, in an amount to be proven trial.

16.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display for the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

17.     Plaintiff is also entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

18.     Defendant's prior and continued infringing conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**
**(17 U.S.C. § 1202)**

19.     Plaintiff realleges the allegations of the preceding paragraphs and incorporates them by reference as if fully set forth herein.

20.     Defendant has, on information and belief, intentionally removed copyright management information included on Plaintiff's display and publication of the Copyrighted Work.

21.     Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

22.     Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

23.     By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

24.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

25.     In lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act or Plaintiff's actual damages, Plaintiff may elect to and is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

26.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment as follows:

1.      A declaration that Defendant has infringed Plaintiff's copyright in the Copyrighted Work under the Copyright Act;

2.      A declaration that such infringement is willful;

3.      An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages under 17 U.S.C. §§ 504(c) as the Court shall deem proper, including damages for willful infringement of up to $150,000 for each Copyrighted Work infringed;

4.      A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and/or intentionally providing and distributing false copyright management information to conceal infringement;

5.      Awarding Plaintiff all gains, profits, property, and advantages obtained or derived by Defendant from its acts of copyright infringement and violations of the Digital Millennium Copyright Act or, in lieu thereof and at Plaintiff's election, such statutory damages as the Court shall deem proper under 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

6.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

7.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

8.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing

sums;

9.      Permanently enjoining Defendant, its employees, agents, officers, directors,

attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendant, from:

> (a)    directly or indirectly infringing Plaintiff's copyright or continuing to
>
> market, offer, sell, dispose of, license, lease, transfer, publicly display,
>
> advertise, reproduce, develop or manufacture any works derived or copied
>
> from the Plaintiff's Copyrighted Work or to participate or assist in any
>
> such activity; and
>
> (b)    directly or indirectly removing or altering any copyright management
>
> information from, or providing or distributing any false copyright
>
> management information in connection with, Plaintiff's Copyrighted
>
> Work.

10.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: November 30, 2015                    Respectfully Submitted


                                            **DUANE MORRIS LLP**


Steven M. Cowley\*                          /s/ *Oderah C. Nwaeze*
**DUANE MORRIS LLP**                        Oderah C. Nwaeze (I.D. No. 5697)
100 High Street, Suite 2400                 222 Delaware Avenue, Suite 1600
Boston, MA 02110-1724                       Wilmington, Delaware  19801
Tel.: (857) 488-4261                        Tel: (302) 657-4900
smcowley@duanemorris.com                    Fax: (302) 657-4901
                                            onwaeze@duanemorris.com
\**Pro Hac Vice* Application to be
submitted                                   *Attorneys for Plaintiff Rick Lieder d/b/a Dreampool*
                                            *Studio*

# EXHIBIT A



# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Short Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VAu 727 – 266**

11·15·06

~~NOV 15 2006~~

DM~~Received~~ 2006
~~NOV 15~~ 2006

Examined By S~~DD~~

Correspondence ☐    Fee Received

---

**TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.**

| | | |
|---|---|---|
| **Title of This Work:** | **1** | Rick Lieder Art Volume 12 |
| Alternative title or title of larger work in which this work was published: | | |
| **Name and Address of Author and Owner of the Copyright:** | **2** | Rick Lieder<br>3653 Phillips Ave.<br>Berkley MI 48072-3424 |
| Nationality or domicile: Phone, fax, and email: | | Phone ( 248 ) 544-0404         Fax ( )<br>Email  rick@dreampool.com |
| **Year of Creation:** | **3** | 2006 |
| **If work has been published, Date and Nation of Publication:** | **4** | a. Date _____ _____ _____ (Month, day, and year all required)<br>            Month          Day          Year<br>b. Nation |
| **Type of Authorship in This Work:** Check all that this author created. | **5** | ☐ 3-Dimensional sculpture    ☑ Photograph    ☐ Map<br>☑ 2-Dimensional artwork    ☐ Jewelry design    ☐ Text<br>☐ Technical drawing |
| **Signature:** Registration cannot be completed without a signature. | **6** | *I certify that the statements made by me in this application are correct to the best of my knowledge.* Check one:<br>☑ Author  ☐ Authorized agent<br>X _____ |
| **Name and Address of Person to Contact for Rights and Permissions:** Phone, fax, and email: | **7** | ☑ Check here if same as #2 above.<br><br>Phone ( )                    Fax ( )<br>Email |

**OPTIONAL**

| | | |
|---|---|---|
| **8** Certificate will be mailed in window envelope to this address: | Name ▼ Rick Lieder<br>Number/Street/Apt ▼ 3653 Phillips Ave.<br>City/State/ZIP ▼ Berkley MI 48072-3424 | **9** Complete this space only if you currently hold a Deposit Account in the Copyright Office. | Deposit Account # _____<br>Name _____<br><br>DO NOT WRITE HERE    Page 1 of ___ pages |

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

# EXHIBIT C

Rejex-it Bird Repellents | Invisidye | Visible Bird and Geese Repellent - Mozilla Firefox

Rejex-it Bird Repellent... ✕

www.rejexit.com/invisidye-bird-and-goose-repellent.php

Q Search



**When do I apply Invisidye?**
You should apply Invisidye in combination with Migrate, Feather Duster and other avian repellents. This allows the geese and birds to immediately associate the repellency of the products with the color.

**Will Invisidye alone deter geese and birds?**
We have no studies showing grass, plants or landscaping treated with Invisidye alone will deter feeding. Invisidye is designed to be mixed with other nerve deterrents such as Migrate or other products containing methyl anthranilate and digestive deterrents such as Feather Duster.

**How do I apply Invisidye?**
You simply mix Invisidye into your spray tank with Migrate, Feather Duster or other avian repellents.

**Does Invisidye work on all birds?**
Invisidye can be seen by geese and any birds which can see between 200-400nm.

**How long does Invisidye last?**
Invisidye can be seen in the UV light spectrum for up to 2 weeks after application. However, Invisidye does not translocate and new vegetative growth will not be covered.

**Other Natural Forces Products**

- **Bird Repellents**
  - Fog Force Concentrate for Aerosol and Fogging
  - Migrate - for Turf
  - Migrate - for Agriculture
  - Fog Force AR/TR - Ready-To-Use Aerosol
  - Fragrance Fogger & Micro Fragrance Fogger

- **Insecticide, Miticide, Ovicide**
  - SorbiShield 90
  - SucraShield
  - Bugitol, Nemitol & Dazitol

**For more information, call 1-866-53-BIRDS (1-866-532-4737)**

Natural Forces, LLC • PO Box 2601, Davidson, NC 28036-2601 • 866-532-4737 • eFax 704-973-7777

Legal Disclaimer

Display Size: 140x120px
Display Size: 140x120px

Modified: 04 Jul 2015  Screenshot: 04 Jul 2015 04:52:09



